1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  FIDELITY AND GUARANTY LIFE )   1:05cv0380 AWI DLB
   INSURANCE COMPANY,              )

10                                 )   FINDINGS AND RECOMMENDATION
                                   )   REGARDING PLAINTIFF'S MOTION FOR
11                  Plaintiff,     )   ENTRY OF DEFAULT JUDGMENT
                                   )
12  v.                             )   (Document 15)
                                   )
13  JOHN H. SYKES,                 )
                                   )
14                                 )
                                   )
15                  Defendant.     )
    _____    )

16

17        Plaintiff Fidelity and Guaranty Life Insurance Company ("Plaintiff") filed the instant

18  motion for entry of default judgment on December 23, 2005.  The matter was heard on February

19  3, 2006, before the Honorable Dennis L. Beck, United States Magistrate Judge.  Linda Oliver

20  appeared on behalf of Plaintiff.  There was no appearance on behalf of Defendant John H. Sykes

21  ("Defendant").  The matter was submitted for findings and recommendation to the District Court

22  judge.

23                              **BACKGROUND**

24  _____Plaintiff filed this complaint for declaratory relief on March 18, 2005, requesting that the

25  Court declare that Defendant is owed no sums under the life insurance policy insuring the life of

26  John L. Hart ("Hart").

27        On or about May 11, 2004, Plaintiff issued a certificate of life insurance, Certificate No.

28  L0079124, on Hart's life in the amount of $150,000.  Defendant is the named beneficiary.  Hart

died on June 29, 2004, as a result of a homicide.  Plaintiff contends that no benefits are due under the policy because Defendant lacked any insurable interest in the life of Hart for the following reasons: (1) the evidence shows that Hart did not sign the application for insurance; and (2) there were multiple misrepresentations on the application for insurance.

On March 28, 2005, Plaintiff filed a certificate of service showing that service of summons and complaint was made on Defendant on March 23, 2005.

On April 19, 2005, Defendant filed a consent to jurisdiction of the United States Magistrate Judge.  Defendant has not answered the Complaint or otherwise communicated with the Court since the April 19, 2005, filing.

Plaintiff filed a motion for entry of default on June 3, 2005.  The Clerk of the Court entered default on August 31, 2005.

Plaintiff filed the instant motion on December 23, 2005.  Defendant has not filed an opposition.

## DISCUSSION

Rule 55(b) of the Federal Rules of Civil Procedure provides that judgment by default may be entered as follows:

(1)     By the Clerk.  When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person.

(2)     By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

2

1    "Upon default, the well pleaded allegations of the complaint relating to liability are taken

2    as true." Dundee Cement Co. v. Highway Pipe and Concrete Products, 722 F.2d 1319, 1323 (7th

3    Cir. 1983); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t

4    the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed

5    admitted." 10 J. Moore, Moore's Federal Practice §55.11 (3d ed. 2000).

6        Plaintiff requests that the Court enter a default judgment against Defendant declaring that

7    he is owed no sums under the policy at issue. Under California law, "a false representation or a

8    concealment of facts whether intentional or unintentional, which is material to the risk, vitiates

9    the policy. The presence of an intent to deceive is not essential." *Belford v. New York Life Ins.*

10   *Co.*, 9 Cal.2d 103, 105 (1937); Cal.Ins. Code § 331. Accordingly, an insurer is allowed to

11   rescind insurance coverage when it can be shown that an insured made material

12   misrepresentations in an application for insurance. Cal. Ins. Code § 359; *Burns v. Prudential*

13   *Life Ins. Co.*, 201 Cal.App.2d 868, 869-70 (1962). Misrepresenting or concealing facts related to

14   an applicant's health history in an application for insurance is highly material to the risk and

15   makes the policy void *ab initio*. *See Belford*, 9 Cal.2d at 105; *Old Line Life Ins. Co. of America*

16   *v. Superior Court*, 229 Cal.App.3d 1600 (1991).

17       According to the Complaint, the application was purportedly signed by Hart and

18   Defendant. Defendant represented that he was Hart's grandfather, that Hart had never sought or

19   received treatment for the use of any drugs, and that Hart was a student at Fresno City College.

20   On June 29, 2004, Hart died in San Francisco, California, as the result of multiple sharp force

21   injuries. Plaintiff commenced a routine review and learned that Hart had two other life insurance

22   policies that were not disclosed on the application, that Defendant was not Hart's grandfather and

23   was not related to Hart at all, that Defendant had not been ruled out as a suspect in Hart's murder,

24   that the signature on the application was not Hart's signature, and that the person who applied for

25   insurance was not Hart. Plaintiff also learned that Hart did not live with Plaintiff in Fresno, as

26   represented on the application, that Hart was not a student at Fresno City College, and that Hart

27   received treatment for panic attacks as a result of smoking marijuana in December 2000.

28   Complaint, ¶¶ 4-12.

3

1    Counsel for Plaintiff indicates that she wrote Defendant a letter on May 20, 2005, to

2  request that he respond to the Complaint.  Declaration of Linda B. Oliver ("Oliver Dec."), ¶ 5,

3  Exhibit C.  Counsel also spoke to Defendant by telephone on May 24, 2005, and he told her that

4  he did not intend to participate in the action.  Oliver Dec., ¶ 6.

5    Defendant is not an infant or an incompetent person, and is not in the military service or

6  otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.  Oliver Dec., ¶¶ 7,

7  8.

8    Based on the above, the Court finds that Plaintiff's motion for entry of default should be

9  granted.  The Court should enter judgment that Defendant is owed no sums of money under the

10  certificate of life insurance, Certificate No. L0079124.

11                              **RECOMMENDATION**

12    For the reasons discussed above, the Court RECOMMENDS to:

13    1.    GRANT Plaintiff's motion for entry of default judgment in favor of Plaintiff and

14          against Defendant;

15    2.    Enter judgment declaring that John J. Sykes take nothing under life insurance

16          certificate number L0079124, issued by Fidelity and Guaranty Life Insurance

17          Company on the life of John L. Hart on or about May 11, 2004.

18    This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii,

19  United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)

20  and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern

21  District of California.  Within thirty (30) days after being served with a copy, any party may file

22  written objections with the court and serve a copy on all parties.  Such a document should be

23  captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will

24  ///

25  ///

26  ///

27  ///

28  ///

then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    February 3, 2006**                            **/s/ Dennis L. Beck**
3b142a                                                         UNITED STATES MAGISTRATE JUDGE